UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLUBUNMI AJAO,

    Plaintiff,　　　　　　　　　　　　Hon. Janet T. Neff

v.　　　　　　　　　　　　　　　　　　Case No. 1:18-CV-1245

CENTRAL LOAN ADMINISTRATION
AND REPORTING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 2). In her one-page complaint, Plaintiff alleges that Defendants failed to grant her request for a mortgage loan modification. As a result, Plaintiff alleges that she is facing imminent foreclosure of her home. Plaintiff now requests that the Court intervene and halt the foreclosure of her home. For the reasons discussed herein, the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary

injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

A review of the various factors weighs against Plaintiff's request. Plaintiff has presented neither evidence nor argument suggesting that she is likely to prevail on the merits of her claim(s). Plaintiff has not demonstrated that she is threatened by irreparable injury in the absence of an injunction. Finally, the Court finds that the public interest is not served by judicial interference in private contractual matters in the absence of evidence warranting such.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Preliminary Injunction</u>, (ECF No. 2), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 29, 2018         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge